IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDDIE J. HAGLER,

        Plaintiff,

vs.                                Case No. 04-1075-JTM

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Eddie J. Hagler, has applied for disability insurance and supplemental security income benefits.  His application was denied by the ALJ on January 3, 2003, a decision affirmed by the Appeals Council on January 4, 2004.  There are several allegations of error by Hagler.  First, that the ALJ erred at Step 3 by failing to determine that Hagler was disabled, arguing that he meets the severity of Listing 12.04, Parts A and B (governing Affective Disorders).  Second, that the ALJ erred in improperly discounting the opinion of his treating physician, Dr. Mohammed Ramadan.  Third, that the ALJ erred in failing to consider the effect of Hagler's alleged multiple impairments, including his obesity.  Fourth, that the ALJ erred in determining Hagler's RFC.   Hagler contends that substantial evidence supports his claim of disability.

Plaintiff-claimant  was born on October 5, 1960.  He has stated that he became disabled beginning November 20, 2000, later stated as January 28, 2002, citing dizziness and problems with his

back and knee.  He has previously worked as a construction worker, a furniture mover, a sales person, and a packager.

The ALJ concluded that Hagler had severe impairments, but not impairments meeting any listing, that his allegations were less than fully credible, that Hagler had the RFC permitting him to lift or carry up to 40 pounds occasionally and up to 25 pounds frequently, sit for 6 hours in an 8-hour day, and stand or walk for the same amount of time; he can stoop, kneel or climb only occasionally; he is moderately limited in his ability to carry out detailed instructions, maintain attention and concentration for extended time periods, accept instructions and respond appropriately to criticism from supervisors, and set his own, realistic goals.   However, he was not disabled because he was not precluded from performing past relevant work.  In addition, the ALJ noted that in any event Hagler still would not be disabled because he could perform other work that existed in significant numbers in the national economy.  The detailed facts are set forth independently in the ALJ's opinion (Tr. 23-34), the brief of Hagler (Dkt. No. 9, at 3-10), and set forth seriatim in the argument section of the Commissioner's response (Dkt. No. 10, at 3-11).

The ALJ did not err in concluding that Hagler's impairment did not meet or exceed Listing 12.04, Parts A and B, governing Affective Disorders, since Hagler has failed to meet his burden of proof showing he met the listing.  There is, as Hagler notes, evidence in the record from consulting physicians who have remarked on his problems in social functioning.  But this testimony is closely  tied, not to Hagler's bipolar disorder, but to the alcoholism which was in remission on January 28, 2002.  Hagler by his own admission stopped abusing alcohol on that date and has not suffered any remission of his drinking.  (Tr. 27).  There is evidence in the record that, once he stopped drinking, Hagler had not demonstrated any problems with his memory, concentration, or completion of tasks.  (Tr. 68, 248-49). In light of the evidence, the ALJ could and did find that Hagler's mental condition  did not present the

2

severity posed in Listing 12.04 Part B.  (Tr. 28).  Because Hagler has failed to provide evidence that his bipolar condition, standing alone, would meet the cited listed impairment, the ALJ's decision on the issue was not error.

Hagler has failed to show any error in the ALJ's evaluation of the medical evidence.  In the present appeal, Hagler relies in particular on the ALJ's decision giving limited deference to a work assessment he obtained from Dr. Mohammed Ramadan.  First, as the ALJ noted, Dr. Ramadan's exposure to Hagler was extremely brief (two visits totaling about one and a half hours), and during which Dr. Ramadan performed no in-depth diagnostic procedures.  Second, the ultimate conclusion rendered by Dr. Ramadan was inconsistent with his own treatment notes (as well as the conclusions of Hagler's prior psychiatrist, Dr. Lin Xu) showing only mild symptomology.  Dr. Ramadan's notes indicate that Hagler had only mildly depressed moods, but was cooperative and had good eye contact; his thought processes were linear, logical and goal directed, and exhibited no hallucinations, illusions, delusions, or suicidal or homicidal ideation.  Taken together, both factors are appropriate and sufficient grounds for the ALJ's conclusions.  *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001); 20 C.F.R. § 404, 1527, 416.972.

Hagler argues that the ALJ erred in failing to consider his obesity.  But the ALJ explicitly agreed and concluded that Hagler was impaired by his obesity.  (Tr. 25).  But he ultimately concluded that Hagler did not meet the listed impairment for obesity, explicitly noting that the standard is whether the "combined effects of obesity" with other impairments amount to a listed impairment.  (Tr. 25-26).  The ALJ then concluded that Hagler did not meet any listed impairment  "either in combination or in light of other non-listed medical indicators." (Tr. 28).  The ALJ adequately considered all of Hagler's cited impairments in combination, and the plaintiff has failed to show evidence demonstrating that his obesity

caused him to meet a listed impairment.  No error is shown.  The ALJ adequately considered Hagler's obesity consistent with Social Security Ruling 02-1p.

The court finds that the ALJ's determination of Hagler's RFC was proper.  Once he stopped drinking, much of the evidence now relied on by Hagler is of negligible value, centering as it does on Hagler's condition while drinking.  Given the absence of evidence demonstrating similar impairment after the drinking stopped, and the evidence of a contemporaneous, active every-day life cited the ALJ (Tr. 28-29), including working a 40-hour per week unpaid job for the Salvation Army.  The ALJ appropriately reviewed each of the credible impairments advanced by Hagler, including their effect in combination, in determining Hagler's RFC.  Substantial evidence supports the decision of the ALJ and the Commissioner.

IT IS ACCORDINGLY ORDERED this 23rd day of March, 2005 that the plaintiff's appeal is denied and the decision of the Commissioner is affirmed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE